# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY WRIGHT** | **CIVIL ACTION** |
| **VERSUS** | **NO.  14-2830** |
| **N. BURL CAIN, WARDEN** | **SECTION  "G"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual Background[2]

The petitioner, Henry Wright ("Wright"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[3]  On March 28, 1974, Wright was indicted by an Orleans Parish Grand Jury for the second degree murder of Betty Butler.[4]  Wright entered a plea of not guilty

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]The State has notified the Court that the state trial court records could not be located by the clerk of the Orleans Parish Criminal District Court.  Rec. Doc. No. 16; St. Rec. Vol. 1 of 3, Letter from Clerk of Court, 1/20/15.  The Louisiana Fourth Circuit Court of Appeal was not a reviewing court involved in the proceedings, which were by law at all relevant times reviewable under the jurisdiction of the Louisiana Supreme Court.  Rec. Doc. No. 16; St. Rec. Vol. 2 of 3, Letter from 4th Circuit, 7/30/15.  In spite of the missing portions of the trial court records, the documents and state court pleadings provided by the State and the petitioner are sufficient for the Court's review of this federal petition.

[3]Rec. Doc. No. 3.

[4]St. Rec. Vol. 3 of 3, Indictment, 3/28/74; *see also*, *State v. Wright*, 332 So.2d 240, 241 (1976).

to the charges on April 3, 1974.[5]  However, he later was found guilty as charged by a jury on May 20, 1974.[6]  The state trial court sentenced him to serve life in prison at hard labor without benefit of "probation or suspension of sentence for a period of twenty years."[7]

Wright's conviction and sentence were affirmed on direct appeal to the Louisiana Supreme Court on May 17, 1976.[8]  His conviction and sentence became final for purposes of federal habeas review ninety (90) days later, on Monday, August 16, 1976,[9] because he did not file an application for writ of certiorari with the United States Supreme Court.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

The records of this Court reflect that Wright thereafter twice sought review of his conviction in this federal court under Civ. Action No. 78-4237"F"(3) and Civ. Action No. 81-4505"G"(4), both of which were dismissed without prejudice for failure to exhaust state court remedies.[10]

---

[5]*Id*.

[6]*Id*.

[7]St. Rec. Vol. 3 of 3, Sentencing Transcript, p. 4, 5/24/74; Indictment, 3/28/74 (handwritten entry dated May 24, 1974); *see also*, Rec. Doc. No. 3, p. 56 (page 4 of the sentencing transcript). Contrary to the parties' representations and the sentencing minutes written on the Indictment, the transcript does not reflect that the state trial court restricted Wright's parole eligibility. Under Louisiana law at the time, "hard labor" meant that imprisonment was to be in the state penitentiary. *See State v. Langendorfer*, 389 So.2d 1271, 1275 (La. 1980) ("... in Louisiana a felony is a crime punishable at hard labor which means, in effect, imprisonment in the state penitentiary.").

[8]*Wright*, 332 So.2d at 240.

[9]The thirtieth day fell on Sunday, August 15, 1976, leaving the last day of the period to fall to the next business day, Monday, August 16, 1976. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

[10]The clerk's office for this Court was notified that the 1978 record could not be located at the federal records repository. The microfiche and other records available to the clerk's office, however, confirmed that the case was dismissed without prejudice. The Court also was able to obtain copies of portions of the 1981 record from the repository to confirm its disposition. These copies are being held in chambers.

Some fifteen years later, on October 18, 1996, Wright by his own admission returned to the state courts for the first time to submit an application for post-conviction relief asserting that the reasonable doubt charge used at his trial was unconstitutional when it relieved the State of its burden of proof.[11]  The pleadings reflect that the state trial court denied the application on June 11, 1997.[12]

The Court also denied Wright's motion to reconsider the denial of the motion on August 22, 1997.[13]  The Louisiana Supreme Court denied Wright's related writ application without stated reasons on March 20, 1998.[14]

In his subsequent and verified writ application to the Louisiana Supreme Court, Wright alleged that he submitted a Motion to Correct Illegal Sentence to the state trial court in January of 2013.[15]  When he did not receive a ruling on the motion, he signed and submitted the writ application to the Louisiana Supreme Court on May 21, 2013, seeking an order mandating that the state trial court rule on the pending motion.

On July 29, 2013, the Louisiana Supreme Court ordered that, if a motion was filed in January of 2013, the state trial court was to issue a ruling, and if no motion was filed, the state trial court was

---

[11]St. Rec. Vol. 3 of 3, Application for Post-Conviction Relief (and Memorandum in Support), dated 10/8/96.

[12]Rec. Doc. No. 16, p. 3; St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 97-KH-2341, p.3, 9/19/97 (dated 9/3/97); Motion for Reconsideration, dated 7/11/97.

[13]St. Rec. Vol. 3 of 3, Minute, Entry, 8/22/97; Motion for Reconsideration, dated 7/11/97.

[14]*State ex rel. Wright v. State*, 715 So.2d 1205 (La. 1998); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 97-KH-2341, 3/20/98; La. S. Ct. Writ Application, 97-KH-2341, 9/19/97 (dated 9/3/97).

[15]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 13-KH-1247, 5/30/13 (dated 5/21/13); Motion to Correct Illegal Sentence, undated.  Prior to this filing, Wright apparently submitted a similar writ application to the Louisiana Supreme Court which was not filed and rejected by that Court's Central Staff office as premature.  St. Rec. Vol. 3 of 3, unfiled La. S. Ct. Writ Application, dated 4/8/13; Letter from Central Staff, 4/11/13.

ordered to accept a copy of the motion and issue its ruling.[16]  The state trial court denied the Motion to Correct Illegal Sentence without stated reasons on February 19, 2014.[17]  The Louisiana Supreme Court thereafter denied the mandamus application as moot on April 4, 2014.[18]

In the meantime, on March 17, 2014, Wright signed and submitted a writ application to the Louisiana Supreme Court seeking review of the Trial Court's order denying the motion.[19]  The Court denied the writ application without stated reasons on November 21, 2014.[20]

## II.    <u>Federal Habeas Petition</u>

On December 18, 2014, the Clerk of this Court filed Wright's petition for federal habeas corpus relief in which he argues, under a broad reading, that the state trial court denied him due process when it failed to grant his motion to correct and consider placing him on probation since he had completed twenty (20) years of his life sentence.[21]

The State filed a response in opposition to the petition arguing that it was not timely filed under federal law, and Wright failed to present any exception to the federal limitations period.[22]  In his reply to the State's response in opposition, Wright suggests that his federal petition is timely

---

[16]*State ex rel. Wright v. State*, 118 So.3d 1103 (La. 2013); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2013-KH-1247, 7/29/13.

[17]St. Rec. Vol. 3 of 3, Trial Court Order, 2/19/14.

[18]*State ex rel. Wright v. State*, 135 So.3d 630 (La. 2014); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2013-KH-1247, 4/4/14.

[19]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 14-KH-595, 3/21/14 (dated 3/17/14).

[20]*State ex rel. Wright v. State*, 160 So.3d 967 (La. 2014); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2014-KH-0595, 11/21/14.

[21]Rec. Doc. No. 3.

[22]Rec. Doc. No. 16.

because he submitted his federal petition within one year of the resolution of his 2013 post-conviction motion to correct his sentence in the state courts.[23]   Under a broad reading, he also contends that he is entitled to equitable tolling based on a perceived change in Louisiana law recognized by the Louisiana Supreme Court in *State v. Thomas*, 972 So.2d 323 (La. 2008).

## III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[24] applies to this petition, which is deemed filed in this Court by Wright under the federal mailbox rule on December 2, 2014.[25]   The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[23]Rec. Doc. No. 17.

[24]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[25]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Wright's federal habeas petition on December 18, 2014, when the filing fee was paid correcting the filing deficiency previously recognized by the clerk.  However, according to the official stamp of the prison, Wright delivered his pleadings to prison officials on December 3, 2014, for electronic mailing to this Court which was done that same day.  Rec. Doc. No. 1, p. 16; Rec. Doc. No. 3, p. 16.  The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 376).

As indicated above, the State contends that Wright's petition should be dismissed as untimely filed under federal law. For the reasons that follow, the record supports that conclusion and Wright's petition should be dismissed as untimely filed.

## IV.    <u>Statute of Limitations</u>

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final or the date on which the United States Supreme Court issued a new rule of law made retroactive on collateral review or the discovery of a new factual predicate.[26] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). In this case, contrary to Wright's arguments, the latter provisions are unavailable to him.

Wright relies first on a perceived change in Louisiana sentencing laws in 2008 following the decision in *Thomas*, 972 So.2d at 323. However, the Louisiana Supreme Court's ruling in *Thomas* does not satisfy or establish any exception to the one-year limitations period under the AEDPA as it is not new <u>federal</u> law from the United States Supreme Court nor does it provide a new factual (or legal) predicate as defined by federal law. The Louisiana Supreme Court's opinion in *Thomas* did

---

[26]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

not declare a change in state law or disclose any reason that would somehow renew Wright's ability to file a federal petition.  As noted by the Louisiana Supreme Court, the laws on the availability of parole and probation eligibility for those serving life sentences for second degree murder in fact had not changed and changes to the imposed sentence were unavailable from the court once the life sentence became executory.  *Thomas*, 972 So. at 324; *see also*, *Thomas v. State*, 2013-CA-0951, 2013 WL 6858311, at *1, *2 (La. App. 1st Cir. Dec. 27, 2013).

In addition, even if the *Thomas* opinion issued January 11, 2008, created some extraordinary circumstance in the application of Louisiana law which would trigger a new federal limitations period, Wright waited almost five years after that ruling, until January of 2013, to seek correction of his sentence in the Louisiana courts based on his interpretation of the *Thomas* holding.  Wright's efforts would still have been pursued well-over one year after the *Thomas* opinion was issued.

Nevertheless, the appropriate starting point for the timeliness of Wright's federal petition under the terms of § 2244(d) is the finality of his conviction. As calculated above, Wright's conviction was deemed final on August 16, 1976, ninety (90) days after his state direct appeal was completed and he did not seek review in the United States Supreme Court.  Under the literal terms of the AEDPA, Wright had one year from that date, or until August 16, 1977, to file a timely federal application for habeas corpus relief which he did not do.

However, where a petitioner's conviction became final prior to the effective date of the AEDPA, the Fifth Circuit has granted a one-year grace period after the effective date of the AEDPA within which to file timely petitions pursuant to 28 U.S.C. §§ 2254 and 2255. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir.1998), *cert.*

*denied*, 525 U.S. 1091 (1999).  The Fifth Circuit in "*Flores* concluded that habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." *Flanagan*, 154 F.3d at 200 (citing *Flores*, 135 F.3d at 1004-05).  "[P]etitioners . . . whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." *Id*. (citing *Flores*, 135 F.3d at 1005).

Because Wright's conviction became final before the AEDPA's effective date of April 24, 1996, he was required to file his federal habeas petition no later than April 24, 1997.  Under the federal mailbox rule, Wright filed this petition on December 2, 2014, which is over seventeen (17) years and seven (7) months <u>after</u> the allowable grace period expired, and it must be dismissed as untimely, unless the one-year grace period was interrupted or otherwise tolled in either of the two ways recognized in the applicable law.

A.    <u>No Statutory Tolling</u>

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000));

*Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures); *Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the one-year grace filing period began to run on April 25, 1996, the day after the AEDPA went into effect. The grace filing period ran uninterrupted for 176 days, until

October 18, 1996, when Wright signed and submitted his application for post-conviction relief to the state trial court.  The application remained pending until March 20, 1998, when the Louisiana Supreme Court denied Wright's related writ application.

The one-year grace filing period began to run again on March 21, 1998, and continued to run uninterrupted for another 189 days, until September 28, 1998, when it expired.  By his own admission and as proven by the record, Wright had <u>no</u> properly filed state application for post-conviction or other collateral review of any kind pending in any state court during that time.  He made no other relevant filing until January of 2013 when he purportedly filed his motion to correct his sentence in the state trial court.  This pleading, filed well-after expiration of the one-year grace filing period, provides him no tolling benefit under the statute.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

It also did not serve to restart the time period for him to seek federal review.  As noted above, post-conviction relief may stand to interrupt the filing period but pursuit of post-conviction relief does not restart the AEDPA limitations period.  For all of these reasons, Wright's federal petition deemed filed on December 2, 2014, was not timely filed in this federal court.

**B.     <u>No Equitable Tolling</u>**

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling

is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that

equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Under a broad reading, Wright asserts that the issuance of the *Thomas* opinion in 2008 somehow affords him equitable tolling as a clarification of Louisiana law.  As already discussed, the *Thomas* opinion itself created no new law and only served to confirm that Louisiana law on parole and probation eligibility had not changed since the second degree murder statute was passed into law.  Furthermore, as discussed previously, the *Thomas* opinion was issued on January 11, 2008, which was five years before Wright first sought relief from his sentence in the state courts and almost seven years before he submitted the instant federal habeas petition.  No amount of equitable tolling would be justified in light of his delay after the issuance of the *Thomas* opinion.

Wright therefore has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation.  The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling.  The record instead reflects that Wright was not diligent in pursuing federal habeas review in a timely manner.  There is no basis for equitable tolling.

C.     **Actual Innocence Exception**

The State also urges that there is no basis for this Court to recognize an actual innocence exception to the AEDPA statute of limitations.  This exception was in no way raised or mentioned by Wright nor is a basis therefor evident from the record.  Nevertheless, because it was referenced by the State, the Court will briefly discuss this inapposite point.

In *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013), the United States Supreme Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *Id.*, at 1928. In recognizing the stringent standards of this exception to § 2244(d), the Supreme Court held that "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.*, at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In this case, Wright has not offered or even suggested there to be any new evidence of his factual innocence, much less any evidence that would undermine the verdict in his case or that would lead a court to conclude that a reasonable factfinder would question his guilt. *Accord*, *Golmon v. Director, TDJC-CID*, No. 13CV325, 2013 WL 3724838, at *1 (E.D. Tex. Jul. 15, 2013). The record falls far short of meeting this threshold level of proof required to invoke an actual innocence or miscarriage of justice exception to the AEDPA's statute of limitation. *See Golmon*, 2013 WL 3724838 at *1 (petitioner's failure to present any evidence of innocence was insufficient to invoke exception); *Sullivan v. Walker*, No. 12-CV-833, 2013 WL 2465366, at *3 (N. D. Tex. Jun. 14, 2013).

For all of the foregoing reasons, Wright's federal petition deemed filed on December 2, 2014, which was over sixteen (16) years after the one-year grace filing period expired in this case on September 28, 1998, is untimely and should be dismissed for that reason.

13

## V.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Henry Wright's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[27]

New Orleans, Louisiana, this 5th day of November, 2015.

_____
    **KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[27]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.