## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**HENRY WRIGHT**                                        **CIVIL ACTION**

**VERSUS**                                              **NO. 14-2830**

**N. BURL CAIN, WARDEN**                                **SECTION: "G" (4)**

### ORDER AND REASONS

Before the Court are Petitioner Henry Wright's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana,  filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, claiming that the state courts denied him substantive due process by refusing to consider Petitioner's eligibility for probation or suspension of sentence.[2] The Magistrate Judge recommended that the matter be dismissed with prejudice as time-barred.[3] Petitioner objects to the Magistrate's recommendation, arguing that the statute of limitations should not apply to his case or that he is entitled to tolling of the limitations period.[4] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action with prejudice.

---

[1] Rec. Doc. 22.

[2] Rec. Doc. 3.

[3] Rec. Doc. 15.

[4] Rec. Doc. 22.

# I. Background

## A.    *Factual Background*

On March 28, 1974, an Orleans Parish Grand Jury indicted Petitioner for the second degree murder of Betty Butler.[5] Following a trial, the jury found Petitioner guilty as charged on May 20, 1974.[6] The state trial court sentenced him to life in prison at hard labor, stating that Petitioner "shall not be eligible for probation or suspension of sentence for a period of twenty years."[7] Petitioner appealed, and his conviction and sentence were affirmed by the Louisiana Supreme Court on May 17, 1976.[8] Petitioner did not file an application for writ of certiorari to the United States Supreme Court.

Petitioner then sought review of his conviction in this federal court under Civ. Action No. 78-4237 "F"(3) and Civ. Action No. 81-4505 "G"(4), and both cases were dismissed without prejudice for failure to exhaust state court remedies.[9] Petitioner first sought post-conviction relief in the state courts on October 18, 1996, arguing that the reasonable doubt charge used at trial was unconstitutional because the State was relieved of its burden of proof.[10] The state trial court denied the application on June 11, 1997, and Petitioner filed a motion for reconsideration of the denial.[11] The trial court denied Petitioner's motion for reconsideration on August 22, 1997.[12] On September

---

[5] State Rec., Vol. III of III, Indictment, Mar. 28, 1974; *see also, State v. Wright*, 332 So. 2d 240, 241 (1976).

[6] *Id.*

[7] State Rec., Vol. III of III, Sentencing Tr., p. 4, May 24, 1974; Indictment, Mar. 28, 1974 (handwritten entry dated May 24, 1974); *see also*, Rec. Doc. No. 3, p. 56 (page 4 of the sentencing transcript).

[8] *Wright*, 332 So. 2d at 240.

[9] *See* Rec. Doc. 18 at n.10.

[10] State Rec., Vol. III of III, Application for Post-Conviction Relief, Oct. 18, 1996.

[11] State Rec., Vol. III of III, Motion for Reconsideration, July 11, 1997.

[12] State Rec., Vol. III of III, Minute Entry, Aug. 22, 1997.

3, 1997, Petitioner sought supervisory review in the Louisiana Supreme Court of the trial court's denial of his post-conviction relief application.[13] The Louisiana Supreme Court then denied his related writ application on March 20, 1998.[14]

In a subsequent writ application to the Louisiana Supreme Court, Petitioner alleged that he submitted a Motion to Correct Illegal Sentence to the state trial court in January 2013.[15] However, when he did not receive a ruling on the motion, on May 21, 2013, he signed and submitted a writ application to the Louisiana Supreme Court seeking an order mandating that the state trial court rule on the pending motion.[16] On July 29, 2013, the Louisiana Supreme Court ordered that if a motion was filed in January 2013, the state trial court was to issue a ruling, and if no motion was filed, the state trial court was ordered to accept a copy of the motion and then issue its ruling.[17] On February 19, 2014, the state trial court denied the Motion to Correct Illegal Sentence without stated reasons.[18] On March 17, 2014, Petitioner submitted a writ application to the Louisiana Supreme Court seeking review of the trial court's order denying the motion,[19] which was denied on November 21, 2014, without stated reasons.[20]

On December 18, 2014, Petitioner filed his federal habeas petition, arguing that the state trial court denied him due process when it failed to grant his motion to correct his sentence and

---

[13] State Rec., Vol. III of III, Writ Application, Sept. 3, 1997.

[14] *State ex rel. Wright v. State*, 97-KH-2341 (La. 3/20/98); 715 So. 2d 1205 (La. 1998).

[15] State Rec., Vol. III of III, La. S. Ct. Writ Application 13-KH-1247, May 30, 2013; Motion to Correct the Illegal Sentence, undated.

[16] *Id.*

[17] *State ex rel. Wright v. State*, 13-KH-1247 (La. 7/29/13); 118 So. 3d 1103.

[18] State Rec., Vol. III of III, Trial Court Order, Feb. 19, 2014.

[19] State Rec., Vol. III of III, La. S. Ct. Writ Application, 14-KH-595, Mar. 17, 2014.

[20] *State ex rel. Wright v. State*, 14-KH-0595 (La. 11/21/14); 160 So. 3d 967.

consider placing him on probation after he had completed twenty years of his life sentence at hard labor.[21] In response, the State argued that the petition was untimely.[22] In his reply to the State's response in opposition, Petitioner argued that he timely filed his federal petition because he submitted his federal petition within one year of the resolution of his 2013 post-conviction motion to correct his sentence in state court.[23] He also argued that he is entitled to equitable tolling based on a perceived change in Louisiana law recognized by the Louisiana Supreme Court in *State v. Thomas*.[24]

**B.    *Report and Recommendation Findings***

On November 6, 2015, the Magistrate Judge recommended that the petition be dismissed with prejudice as time-barred.[25] The Magistrate Judge found that Petitioner failed to file his petition within the time limitations period set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for the filing of habeas corpus applications from the latest of the date on which a conviction became final, the impediment to filing a claim created by State action was removed, the United States Supreme Court issued a new rule of law made retroactive on collateral review, or the factual predicate to a claim could have been discovered through due diligence.[26] The Magistrate found that the Louisiana Supreme Court's ruling in *Thomas* was not new federal law from the United States Supreme Court,

---

[21] Rec. Doc. 3.

[22] Rec. Doc. 16.

[23] Rec. Doc. 17.

[24] *Id.* (citing 972 So.2d 323 (La. 2008)).

[25] Rec. Doc. 18 at 14.

[26] *Id.* at 6.

nor did it provide a new factual (or legal) predicate for Petitioner's claim.[27] Moreover, even if *Thomas* created some extraordinary circumstance in the application of Louisiana law which would trigger a new federal limitations period, the Magistrate noted that Petitioner waited almost five years after the ruling to seek correction of his sentence in state court.[28]

Because Petitioner's conviction became final before the AEDPA went into effect, the Magistrate Judge found that the one-year filing period began to run on April 25, 1996, the day after the AEDPA went into effect.[29] Therefore, Petitioner was required to file his federal habeas petition no later than April 24, 1997, unless that deadline was extended through tolling.[30] The Magistrate noted that Petitioner's filing period ran for 176 days, until October 18, 1996, when Petitioner signed and submitted his application for post-conviction relief to the state trial court, tolling the limitations period.[31] The application remained pending until March 20, 1998, when the Louisiana Supreme Court denied Petitioner's related writ application.[32] The one-year filing period ran again on March 21, 1998, and ran uninterrupted for another 189 days, until September 28, 1996, when it expired.[33] The Magistrate Judge determined that Petitioner had no other properly filed state application for post-conviction relief or other collateral review pending in any state court when the limitations period expired.[34] Moreover, the Magistrate Judge found that Petitioner made

---

[27] *Id.*

[28] *Id.* at 7.

[29] *Id.* (citing *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998)).

[30] *Id.* at 8.

[31] *Id.* at 9–10.

[32] *Id.* at 10.

[33] *Id.*

[34] *Id.*

5

no other relevant filing until January 2013 when he alleges that he filed his motion to correct his sentence in state trial court, well-after the expiration of the one-year filing period.[35] Further, the Magistrate Judge determined that Petitioner's 2013 filing did not serve to restart the time period for him to seek federal review because pursuit of post-conviction relief does not restart the AEDPA limitations period.[36]

The Magistrate Judge outlined the equitable tolling exception to an untimely filing and found that Petitioner failed to satisfy this exception.[37] The Magistrate rejected Petitioner's argument that the issuance of *Thomas* in 2008 afforded Petitioner equitable tolling.[38] The Magistrate Judge found that the opinion created no new law.[39] Further, the Magistrate Judge found that equitable tolling would also not be justified because the Petitioner waited until five years after the issuance of the opinion to seek relief.[40]

The Magistrate Judge outlined the standard for the actual innocence exception and found that Petitioner did not meet the threshold level of proof necessary to invoke an actual innocence exception.[41] The Magistrate Judge determined that Petitioner did not offer any new evidence of factual innocence or evidence that would undermine the verdict in his case.[42] Accordingly, the

---

[35] *Id.*

[36] *Id.*

[37] *Id.* at 11–12.

[38] *Id.* at 12.

[39] *Id.*

[40] *Id.*

[41] *Id.* at 12–13.

[42] *Id.* at 13.

Magistrate Judge recommended that Petitioners' federal petition be dismissed with prejudice as time-barred.[43]

## II. Objections

### A.      Petitioner's Objections

Petitioner timely filed his objections to the Magistrate Judge's November 5, 2015 Report and Recommendation.[44] First, Petitioner argues that he does not need to show the timeliness of his petition.[45] He asserts that the Second and Tenth Circuits have held that petitions challenging the execution of a sentence are not subject to the AEDPA gatekeeping provisions.[46] He also argues that the "Fifth Circuit law gestures in that direction, though it has not yet gone as far in express terms."[47] Petitioner quotes the Fifth Circuit's decision *In re Cain* stating, "AEDPA [] was enacted primarily to preclude prisoners from repeatedly attacking the validity of their *convictions*."[48]

Next, Petitioner argues that if the AEDPA statute of limitations applies, the Louisiana Supreme Court decision in *State v. Thomas* re-started his one-year limitations period.[49] Petitioner argues that the statute of limitations did not begin to run until "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed."[50] Petitioner contends that until the Louisiana Supreme Court decided *Thomas*

---

[43] *Id.* at 14.

[44] Rec. Doc. 22.

[45] *Id.* at 2.

[46] *Id.* (citing *Stanko v. Davis*, 617 F.3d 1262, 1267 (10th Cir. 2010); *Vasquez v. Parrott*, 318 F.3d 387, 391–92 (2d Cir. 2003)).

[47] *Id.*

[48] *Id.* at 2–3 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (emphasis added)).

[49] *Id.* at 3.

[50] *Id.* at 12 (citing 28 U.S.C. § 2244(d)(1)(B)).

in 2008, he believed that he could receive probation or suspension of his sentence after serving a period of 20 years in prison.[51] He contends that the State affirmatively misled him as to the nature and effect of his sentence.[52] Petitioner argues that he was prevented from filing his federal petition before the *Thomas* decision because "he had no idea Louisiana would renege on its promise of eventual eligibility for probation and suspension of sentence."[53]

After the *Thomas* decision, Petitioner argues that the one year period still did not begin to run because he had a post-conviction motion pending in state court.[54] Petitioner contends that in 2005 he filed a "Motion for Probation" with the state trial court requesting that the balance of his life sentence be suspended or that he be allowed to serve it on probation.[55] Petitioner asserts that he sent three letters to the state trial court inquiring as to the status of his motion but received no reply.[56] Accordingly, Petitioner asserts that he qualifies for statutory tolling under 28 U.S.C. § 2244(d)(2) because the state trial court did not rule on his motion.[57] Additionally, Petitioner asserts that the state court's refusal to rule on his 2005 motion created an impediment that prevented him from filing a federal habeas petition under 28 U.S.C. § 2244(d)(1)(B) "because he could not satisfy AEDPA's exhaustion requirement."[58]

---

[51] *Id.*

[52] *Id.*

[53] *Id.*

[54] *Id.*

[55] *Id.* at 9, 12.

[56] *Id.* at 9.

[57] *Id.* at 12–13.

[58] *Id.* at 13.

Alternatively, Petitioner asserts that he is entitled to equitable tolling.[59] He argues that equitable tolling should be granted "when the petitioner was actively misled or prevented in some extraordinary way from asserting his rights."[60] Petitioner asserts that the State misled him by changing the law.[61] Petitioner contends that after the State misled him, the State violated its duty to answer a properly filed motion.[62] Petitioner alleges that "Louisiana's prolonged failure to do so is extraordinary, meriting equitable tolling."[63]

**B.      State's Objections**

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

### III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[64] A district judge must "determine de novo any part of the [Report and Recommendation] that has been properly objected

---

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Id.*

[63] *Id.*

[64] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

to."[65] A district court's review is limited to plain error of parts of the report which are not properly objected to.[66]

### IV. Law and Analysis

*A.     AEDPA Statute of Limitations*

The AEDPA establishes a one-year statute of limitations for the filing of *habeas corpus* applications.[67] The statute of limitations provision of the AEDPA provides that the limitation shall run from the latest of:

A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[68]

---

[65] *Id.*

[66] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (a district court's review is limited to plain error of parts of the report which are not properly objected to); *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[67] 28 U.S.C. § 2244(d)(1).

[68] *Id.*

The Magistrate Judge found the limitation period established in Subsection A applicable here.[69] Petitioner objects, asserting that Subsection B should apply.[70] Accordingly, on de novo review, this Court will assess the timeliness of the petition under both subsections.

As a threshold matter, Petitioner also argues that the statute of limitations does not apply to him because he is attacking the validity of his sentence, not his conviction.[71] Petitioner cites the Second and Tenth Circuits, which he argues have held "that petitions challenging only execution of sentence should not be subject to AEDPA gatekeeping provisions."[72] Petitioner further argues that "Fifth Circuit law gestures in that direction, though it has not yet gone as far in express terms."[73] However, the Second and Tenth Circuit decisions do not stand for this proposition.[74] Moreover, in *In re Cain*, the Fifth Circuit found that, "section 2244—one of the gatekeeping provisions of the AEDPA—was enacted primarily to preclude prisoners from repeatedly attacking the validity of their convictions and sentences."[75] Clearly the Fifth Circuit has interpreted the AEDPA limitations provision to apply to post-conviction motions attacking both convictions and sentences. Accordingly, the AEDPA limitations period is applicable here.

---

[69] Rec. Doc. 18 at 7.

[70] Rec. Doc. 22 at 12.

[71] *Id.* at 2.

[72] *Id.* (citing *Stanko*, 617 F.3d at 1267; *Vasquez*, 318 F.3d at 391–92).

[73] *Id.* (citing *In re Cain*, 137 F.3d at 235).

[74] *See Stanko*, 617 F.3d 1267 (holding that the AEDPA gatekeeping provisions do not apply to claims brought by a federal inmate pursuant to 28 U.S.C. § 2241). *See also Vasquez*, 318 F.3d at 391–92 (holding that a habeas petition asserting that the petitioner's due process rights were being violated because he was being held in jail without being permitted to defend himself against the charge by prosecuting an appeal, did not attack the conviction, and thus, did not count in determining whether a later petition was a "second or successive petition").

[75] *In re Cain*, 137 F.3d at 235.

**B.      *Timeliness Under Subsection A***

Where a petitioner's conviction became final prior to the effective date of the AEDPA, the Fifth Circuit has granted a one-year grace period after the effective date of the AEDPA within which to timely file a *habeas* petition pursuant to 28 U.S.C. § 2254.[76] Petitioner's conviction became final on August 16, 1976, before the AEDPA went into effect on April 24, 1996. Therefore, absent tolling or the applicability of a different limitations provision, the Magistrate Judge determined that Petitioner was required to file his federal *habeas* petition no later than April 24, 1997.[77] Petitioner did not object to this finding.[78] Reviewing for plain error, and finding none, the Court adopts the Magistrate's finding that Petitioner had until April 24, 1997, to file his habeas petition under Subsection A unless that deadline was extended through tolling.

**1.      Statutory Tolling**

The AEDPA expressly provides statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[79] "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."[80]

---

[76] *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999).

[77] Rec. Doc. 18 at 8.

[78] Rec. Doc. 22.

[79] 28 U.S.C. § 2244(d)(2).

[80] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (internal citations omitted).

The Magistrate Judge found that Petitioner's limitations period tolled while his motion for post-conviction relief was pending in the state trial court.[81] Petitioner objects to this finding.[82] Accordingly, the Court reviews this issue de novo.

Petitioner's one-year limitations period began to run on April 25, 1996, the day after the AEDPA went into effect. It ran uninterrupted for 176 days, until Petitioner signed and submitted his application for post-conviction relief in the state trial court on October 18, 1996.[83] The application remained pending until March 20, 1998 when the Louisiana Supreme Court denied Petitioner's related writ application.[84] The one-year limitations period began to run again on March 21, 1998, and ran uninterrupted for 189 days until it expired on September 28, 1998.

Petitioner argues that he is entitled to statutory tolling because he filed a Motion for Probation with the state trial court in 2005.[85] Although Petitioner claims he filed the motion, no such motion is in the state record.[86] With his objections to the Report and Recommendation, Petitioner presents a copy of the Motion for Probation, signed and dated May 17, 2005.[87] Petitioner also presents three letters addressed to the Orleans Parish Criminal District Court inquiring about the status of the Motion for Probation.[88]  However, Petitioner does not present any evidence to support his assertion that he actually filed the motion in Orleans Parish Criminal District Court.

---

[81] Rec. Doc. 18 at 8–9.

[82] Rec. Doc. 22.

[83] State Rec., Vol. III of III, Application for Post-Conviction Relief, Oct. 18, 1996.

[84] *State ex rel. Wright v. State*, 97-KH-2341 (La. 3/20/98); 715 So. 2d 1205 (La. 1998).

[85] *Id.*

[86] However, portions of the state record are unavailable as they were lost or destroyed during Hurricane Katrina. *See* State Rec., Vol. I of III.

[87] Rec. Doc. 22-1 at 37–49.

[88] *Id.* at 52–58.

The motion is not stamped as received by the Clerk of Court, and there is no evidence in the record that the Motion for Probation was ever received and filed by the Clerk of Court. Accordingly, Petitioner has not shown that he properly filed the Motion for Probation in 2005.

Moreover, even if Petitioner properly filed the motion in 2005, Petitioner would still not qualify for tolling because the limitations period had already expired on September 28, 1998, seven years before he allegedly filed the 2005 motion. As the Fifth Circuit has recognized, a post-conviction motion filed after the federal limitations period has expired does not toll the statute of limitations.[89] Accordingly, on de novo review, the Court finds that Petitioner's application would be untimely under Subsection A even if he filed a motion in state court in 2005.

### 2.    Equitable Tolling

The United States Supreme Court has expressly held that the AEDPA's limitation period is subject to equitable tolling.[90]   However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[91]   A petitioner bears the burden of proof to establish entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances warranting application of the doctrine."[92]

---

[89] *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

[90] *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

[91] *Id.* at 2562 (internal quotation marks omitted).

[92] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  The Fifth Circuit noted, "[t]he doctrine will not be applied where the applicant failed to diligently pursue *habeas corpus* relief under § 2244, and ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Id.* (internal quotation marks omitted).

The Magistrate Judge found that Petitioner was not entitled to equitable tolling.[93] Petitioner objects to the Magistrate Judge's finding, arguing that he is entitled to equitable tolling following *Thomas* because the State misled him by changing the law.[94] Petitioner also argues that the State violated its duty to answer his 2005 motion.[95] Accordingly, the Court will review this issue de novo.[96]

In *Thomas*, the Louisiana Supreme Court held:

> When the legislature added the offense of second degree murder to the Criminal Code and provided a sentence of life imprisonment at hard labor without eligibility for parole, probation, or suspension of sentence for 20 years . . . it did not, by negative implication, give an inmate the right to apply for suspension of sentence and probation after serving 20 years of his life term, or repeal La.C.Cr.P. Art. 893, 1966 La. Acts 310, to the extent that it expressly denies a trial court the authority to suspend a sentence after a defendant has begun to serve it.[97]

Petitioner argues that the State misled him by changing the law on his parole eligibility. However, *Thomas* merely clarified that the second degree murder statute did not change Louisiana law on parole eligibility. Moreover, Petitioner waited five years after the issuance of the *Thomas* opinion to seek relief from his sentence in state court.[98] Therefore, even if there were some grounds for equitable tolling, Petitioner cannot establish that he pursued his rights diligently.

Petitioner argues the 2005 Motion for Probation entitles him to equitable tolling because the State misled him by failing to rule on his motion.[99] However, as discussed above, Petitioner

---

[93] Rec. Doc. 18 at 12.

[94] *Id.*

[95] *Id.*

[96] Fed. R. Civ. P. 72(b)(3); s*ee also* 28 U.S.C. § 636 (b)(1).

[97] *State v. Thomas*, 07-KP-0634 (La. 1/11/08); 972 So. 2d 323, 324.

[98] Re. Doc. 18 at 12.

[99] Rec. Doc. 22 at 13.

presents no evidence to support his assertion that he filed the motion in the state trial court. Petitioner has not shown that the alleged failure to rule on the motion prevented him from filing his federal habeas petition. Moreover, Petitioner alleges that he filed the Motion for Probation in 2005, seven years after the AEDPA limitations period expired. Therefore, even if there were some grounds for equitable tolling, Petitioner cannot establish that he pursued his rights diligently. Accordingly, on de novo review, the Court finds that Petitioner is not entitled to equitable tolling.

**C.     *Timeliness Under Subsection B***

In his objections to the Report and Recommendation, Petitioner argues that Subsection B of the statute of limitations is applicable here. Subsection B provides that a federal habeas petition must be filed within one year of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such actions."[100]

As discussed above, in *State v. Thomas*, the Louisiana Supreme Court held that the second degree murder statute providing a sentence of life imprisonment at hard labor without eligibility for parole, probation, or suspension of sentence for 20 years, did not give an inmate the right to apply for suspension of sentence and probation after serving 20 years of his life term, because under the Louisiana Code of Criminal Procedure a trial court does not have the authority to suspend a sentence after a defendant has begun to serve it.[101] Petitioner asserts that the State prevented him from filing his habeas petition "because he had no idea Louisiana would renege on its promise of eventual eligibility for probation and suspension of sentence."[102] However, the *Thomas* decision

---

[100] 28 U.S.C. 2244(d)(1)(B).

[101] *Thomas*, 972 So. 2d at 324.

[102] Rec. Doc. 22 at 12.

16

did not create new law, but rather clarified existing law. Furthermore, Petitioner did not move to correct his sentence in state court until January 2013, five years after *Thomas* was decided. Therefore, even if *Thomas* could constitute a state impediment that prevented Petitioner from timely filing, Petitioner did not file any requests for relief within one year of the impediment being removed.

Petitioner also argues that his petition is timely under Subsection B because the state trial court never ruled on his 2005 Motion for Probation.[103] As discussed above, Petitioner has presented no evidence that he properly filed the motion in Orleans Parish Criminal District Court. Moreover, even assuming that the motion was properly filed and the state court failed to rule on it, Petitioner did not seek any further relief in state court until January 2013, almost eight years after he allegedly filed the Motion for Probation. Petitioner asserts that "the state court's refusal to rule on his motion prevented him from filing a federal *habeas* petition because he could not satisfy AEDPA's exhaustion requirement."[104] This argument is unavailing as the claim raised here—that his life sentence was illegal in that it did not afford him the opportunity to seek parole, probation or suspension of sentence after serving a period of 20 years imprisonment—was first raised in the 2013 motion, not in the 2005 motion that Petitioner allegedly filed. Petitioner argues that he could not raise this claim until 2008 when the Louisiana Supreme Court decided *State v. Thomas*. Therefore, the state court's alleged failure to rule on his 2005 motion is irrelevant as it did not create an impediment that prevented him filing this application. Accordingly, on de novo review, the Court finds that Petitioner's federal habeas application is untimely even if Subsection B applies.

---

[103] Rec. Doc. 22 at 13.

[104] *Id.*

### D.    *Actual Innocence*

A petitioner can overcome the one-year statute of limitations imposed by the AEDPA if he can establish "actual innocence." In *McQuiggin v. Perkins*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations."[105] The Court allows this exception to prevent a "fundamental miscarriage of justice."[106] However, the Court cautions that "tenable actual innocence gateways are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"[107] Petitioner does not present any new evidence to prove actual innocence.

Petitioner does not object to the Magistrate Judge's finding that he has not established his actual innocence.[108] Petitioner makes no argument regarding actual innocence and offers no evidence of his factual innocence. Therefore, reviewing for plain error, and finding none, the Court adopts the Magistrate's finding that Petitioner has not shown that the *McQuiggin* "actual innocence" exception should apply.

---

[105] 133 S. Ct. at 1928.

[106] *Id.* at 1926.

[107] *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

[108] Rec. Doc. 22.

### V.  Conclusion

For the reasons stated above, the Court finds that the petition is time-barred. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Jeremey Lee Watson-Buisson's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this __1st___ day of September, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

19